CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 07, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THAD GILBERT COOPER, | ) |
| Plaintiff, | ) Case No. 7:24-cv-00576 |
| v. | ) **MEMORANDUM OPINION** |
| C.O. JOHNSON *et al.*, | ) By: Hon. Thomas T. Cullen |
| | ) United States District Judge |
| Defendants. | ) |

Plaintiff Thad Gilbert Cooper, proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983 on August 9, 2024, in the United States District Court for the Eastern District of Virginia. (*See* Compl. [ECF No. 1].) Since the events underlying Plaintiff's claims occurred at Wallens Ridge State Prison, within this district, the case was transferred to this Court. (*See* Transfer Order [ECF No. 6].) And because Plaintiff failed to pay the civil filing fee or provide sufficient information from which the Court could grant him leave to proceed *in forma pauperis*, the Court ordered him to provide additional information so the Court could make an *in forma pauperis* determination. (*See* Order, Aug. 28, 2024 [ECF No. 5].) But the Court's order was returned as undeliverable, and no forwarding address was provided. (*See* Returned Mail [ECF No. 9].) To date, Plaintiff has not provided the Court with an updated address or otherwise filed any motion or other document in pursuit of his claims since this case was transferred.

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal of an action where the plaintiff fails to prosecute or to comply with a court order. The Fourth Circuit has identified four criteria for district courts to consider in exercising their discretion under Rule 41(b): "(1) the plaintiff's degree of personal responsibility; (2) the prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory

fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019) (quoting *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)). These factors, however, "are not a rigid four-prong test," and "the propriety of an involuntary dismissal ultimately depends on the facts of each case." *Id.* (citations and internal quotation marks omitted).

A review of the facts and circumstances surrounding this case shows that dismissal is warranted. Here, Plaintiff has failed to pay the filing fee as required under 28 U.S.C. § 1914, has not submitted information necessary for him to proceed *in forma pauperis*, and has not provided the Court with an up-to-date address at which he can receive orders issued by the Court. He has made no effort to show good cause for his failure to pursue his claims and appears solely responsible for that failure. *Cf. Lim v. Hess.*, No. 7:21-CV-250, 2021 WL 4434364, at *2 (W.D. Va. Aug. 12, 2021), *report and recommendation adopted*, No. 7:21-CV-250, 2021 WL 4430770 (W.D. Va. Sept. 27, 2021) (dismissing case for failure to prosecute where "Plaintiff failed to notify the Court of his current address and failed to take any action related to the claim"); *Jones v. Aramark Food Servs.*, No. 3:01CV671-03-MU, 2005 WL 2045958, at *2 (W.D.N.C. Aug. 24, 2005) (noting Plaintiff's high degree of personal responsibility where he "did not update his address nor contact the court"). Plaintiff's extensive history of filing and abandoning federal lawsuits related to the conditions of his confinement also supports dismissal.[1] And given that Defendants have not yet been served, they will not be prejudiced

---

[1] This year alone, this Court has dismissed 18 cases filed by Plaintiff based on his failure to prosecute or to comply with a court order. (*See, e.g.*, Dismissal Order [ECF No. 30] in *Cooper v. Wallens Ridge State Prison et al.*, Case No. 7:23-cv-773 (W.D. Va. Oct. 21, 2024); Dismissal Order [ECF No. 9] in *Cooper v. Wallens Ridge State Prison et al.*, Case No. 7:24-cv-347 (W.D. Va. Aug. 15, 2024); Dismissal Order [ECF No. 10] in *Cooper v. Wallens Ridge State Prison et al.*, Case No. 7:24-cv-337 (W.D. Va. Aug. 12, 2024); Dismissal Order [ECF No. 9] in *Cooper v. Kennety et al.*, Case No. 7:24-cv-306 (W.D. Va. July 18, 2024); Order [ECF No. 26] in *Cooper v. WRSP et al.*, Case No. 7:23-cv-707 (W.D. Va. July 18, 2024); Order [ECF No. 21] in *Cooper v. WRSP et al.*, Case No. 7:23-cv-706 (W.D. Va. July 18, 2024); Order [ECF

by dismissal. *See Bailey v. Edwards*, 573 F. App'x 268, 269 (4th Cir. 2014) ("[D]efendants, who have not been served, can show no prejudice."). Finally, no less drastic sanctions would be effective because the Court lacks any way to communicate with Plaintiff about this action and could not meaningfully enforce any alternate sanction. *Cf. Boger v. Goodson*, No. 323CV00487FDWDCK, 2024 WL 24525, at *1 (W.D.N.C. Jan. 2, 2024) (explaining "the lack of a correct address to provide Plaintiff with Court orders" indicated that "anything other than dismissal would not be effective"); *Brown v. Head Nurse Donna or Donald at GWD, SC*, No. 8:14-01902-MGL-JDA, 2014 WL 4677296, at *2 (D.S.C. Sept. 16, 2014) ("Because Plaintiff has already ignored the Court's directive to keep the Court apprised of his address, sanctions less drastic than dismissal would not be effective."). For these reasons, the Court will dismiss this action without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Plaintiff at his last known address.

**ENTERED** this 7th day of November, 2024.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

No. 22] in *Cooper v. Kennedy*, Case No. 7:23-cv-705 (W.D. Va. July 18, 2024); Dismissal Order [ECF No. 7] in *Cooper v. Mullins et al.*, Case No. 7:24-cv-365 (W.D. Va. July 15, 2024); Order [ECF No. 20] in *Cooper v. Mullins*, Case No. 7:23-cv-703 (W.D. Va. July 9, 2024); Order [ECF No. 15] in *Cooper v. Luise*, Case No. 7:23-cv-704 (W.D. Va. June 14, 2024); Dismissal Order [ECF No. 7] in *Cooper v. Mullen et al.*, Case No. 7:24-cv-258 (W.D. Va. May 29, 2024); Dismissal Order [ECF No. 10] in *Cooper v. Staff of WRSP et al.*, Case No. 7:24-cv-174 (W.D. Va. May 20, 2024); Order [ECF No. 22] in *Cooper v. WRSP et al.*, Case No. 7:23-cv-774 (W.D. Va. Apr. 30, 2024); Dismissal Order [ECF No. 10] in *Cooper v. McDuffy*, Case No. 7:24-cv-86 (W.D. Va. Apr. 16, 2024); Memo. Op. [ECF No. 31] in *Cooper v. Mullins*, Case No. 7:23-cv-330 (W.D. Va. Apr. 4, 2024); Dismissal Order [ECF No. 8] in *Cooper v. Syme*, Case No. 7:23-cv-800 (W.D. Va. Jan. 22, 2024); Dismissal Order [ECF No. 8] in *Cooper v. Kennty*, Case No. 7:23-cv-799 (W.D. Va. Jan. 22, 2024); Dismissal Order [ECF No. 8] in *Cooper v. Louis*, Case No. 7:23-cv-798 (W.D. Va. Jan. 22, 2024).